1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| 11 | CARRIE SOSSIE, | Case No. 11 CV 1933 VAP (OPx) |
| 12 | Plaintiff, | |
| 13 | v. | **STIPULATED PROTECTIVE ORDER** |
| 14 | TARGET CORPORATION; and DOES 1 through 100, Inclusive, | |
| 15 | | NOT CHANGE IN PAGE 5 LINE 14 |
| 16 | Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

-1-

The Court, having considered the Stipulation between the Parties and for good cause appearing thereon, hereby orders the following:

1. This Stipulated Protective Order shall apply equally to documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information (all such materials and information shall be referred to as "Material") produced by the Parties (or third parties) in connection with this case.

2. Any Material that a party believes in good faith contains or comprises any proprietary, commercially sensitive, trade secret information or personal records ("Confidential Material") produced by a party to this litigation or third party in connection with this case ("the Producing Party") may be designated by counsel for the Producing Party as "Confidential" in his/her reasonable and good faith judgment by marking or designating the Material in the manner provided in paragraph 3 of this Stipulated Protective Order. Any Confidential Material that a party believes in good faith to contain highly sensitive information ("Confidential - Attorney Eyes Only") may be designated by counsel for the Producing Party as "Confidential – Attorney Eyes Only" information by marking or designating the Material in the manner provided in paragraph 3 of this Stipulated Protective Order. Failure of counsel to designate Material as "Confidential" or "Confidential – Attorney Eyes Only" shall not be deemed a waiver of confidentiality.

3. Any Confidential Material shall be designated "Confidential" or "Confidential – Attorney Eyes Only" by the Producing Party by so stamping the Material with the appropriate legend. Any party producing Confidential Material during or in connection with a deposition may, on the record of the deposition, designate all or portions thereof as "Confidential" or "Confidential – Attorney Eyes Only" under the terms of this Stipulated Protective Order prior to or during the deposition. Within thirty (30) days after receipt of the deposition transcript, the

1  Producing Party may mark the portions of the deposition transcript as
2  "Confidential" or "Confidential – Attorney Eyes Only" in accordance with the
3  designations made before or during the deposition and shall provide a copy of the
4  marked deposition transcript to all counsel.  Only those portions of the transcript of
5  the deposition designated "Confidential" or "Confidential – Attorney Eyes Only"
6  shall be so treated, except that all copies of deposition transcripts that contain
7  designated Material shall be prominently marked "Confidential" or "Confidential –
8  Attorney Eyes Only" on the cover, and when filed with the Court, in whole or in
9  part, shall be lodged conditionally or filed under seal by Order of the Court in
10 accordance with the procedures set forth in Rule 5.2 of the Federal Rules of Civil
11 Procedure and Paragraph 11 of the Court's Standing Order dated December 12,
12 2011.  For convenience, if a deposition transcript contains repeated references to
13 Confidential Material which cannot be conveniently segregated from non-
14 confidential material, any party may request that the entire transcript be designated
15 "Confidential" or "Confidential – Attorney Eyes Only."
16         4.     Absent a specific order by this Court, and except as provided below,
17 once Material has been designated as "Confidential" or "Confidential – Attorney
18 Eyes Only," it may be used solely in connection with the following action:  *Sossie v.*
19 *Target Corporation*, United States District Court – Central District of California,
20 Case No. 11 CV 1933 VAP (OPx), and shall not be used for any business,
21 proprietary or commercial purpose.  Any Confidential Material that is produced
22 shall be produced only to counsel of record for the parties in this litigation.  Counsel
23 for any party who obtains any Confidential Material from any other party shall
24 protect it and its contents from disclosure to anyone other than the persons
25 designated in this paragraph.  Counsel of record may disclose Confidential Material
26 where necessary to the proper preparation for and trial of this case to:  (i) their
27 employees and employee equivalents (e.g., contract paralegals); (ii) independent
28 experts or consultants retained for the purpose of aiding counsel of record in

1  connection with counsel's preparation for and trial of this case; (iii) witnesses and
2  deponents testifying under oath, where examining counsel has a good faith basis for
3  believing that the witness or deponent has information or testimony pertinent to the
4  Confidential Material; (iv) the named parties to this litigation; and (v) this Court and
5  members of its staff.

6      5.    Before any such Confidential Material, or substance or summary
7  thereof, shall be disclosed to experts or consultants retained by the Plaintiff or
8  witnesses for Plaintiff, Plaintiff is hereby ordered to tender a copy of this Stipulated
9  Protective Order to each such expert, consultant or witness in order that each such
10 entity or person to whom such disclosure of Confidential Material is made shall be
11 on notice and fully informed that the existence and substance of the Stipulated
12 Protective Order is, and is intended to be, equally binding upon it, him or her, as
13 well as upon Plaintiff and his counsel.  Those experts, consultants or witnesses shall
14 not give, show or otherwise divulge any of the Confidential Material to any entity of
15 person except as specifically provided for by this Stipulated Protective Order.

16     6.    Subject to paragraph 4(iii) above, discovering counsel may show
17 Confidential Material to a witness at a deposition and examine that witness
18 concerning the Confidential Material.  Examining counsel may, in the course of the
19 deposition, inquire as to whether the witness agrees to be bound by the terms of this
20 Stipulated Protective Order.  If the witness does not so agree, then neither the
21 witness nor his counsel, if any, may retain or be given any copy of the Confidential
22 Material including, but not limited to, a copy of any pages of the transcript of the
23 deposition that are designated "Confidential" or "Confidential – Attorney Eyes
24 Only."  In the event of such refusal by the witness, the reporter shall be instructed to
25 give the witness written notice when the transcript has been prepared, stating that
26 the witness may inspect the transcript and its exhibits in the reporter's office, and
27 that if the original deposition transcript is not signed within thirty (30) days after the
28 date of the notice, it will be used as if it had been signed.  The witness will be

permitted to review the deposition transcript and exhibits at the reporter's office but shall not be permitted to retain a copy of portions of the deposition transcript or exhibits that have been designated as "Confidential" or "Confidential – Attorney Eyes Only."

8. Confidential Material may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments in this action and trial, either as exhibits or as the basis for questions. In any motion, brief or other papers filed with the Court referring to Confidential Material, any document a party contends contains Confidential Material shall be lodged with the Court. If any party seeks to have any Confidential Material contained in such filing sealed, that party shall do so in accordance with the procedures set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Paragraph 11 of the Court's Standing Order dated December 12, 2011, **and Local Rule 79.5.   OP**

9. The designation of Material as Confidential shall not be considered conclusive or binding on any party, and such designation may be contested by noticed motion at any time. If at any time during the pendency of this action, counsel for any party believes that counsel for the another party has unreasonably claimed that certain Material should be designated as "Confidential" or "Confidential – Attorney Eyes Only," objecting counsel may, after an attempt to meet and confer to resolve the dispute, make an application to this Court, to be lodged conditionally under seal, for an Order that the Material specifically identified by bates stamp, page and/or line number be excluded from the protection of this Stipulated Protective Order. However, unless and until an order of this Court sets aside a designation of Material as Confidential, all Material so designated shall be treated as Confidential pursuant to the terms of this Stipulated Protective Order.

10. If at any time any Material protected by this Stipulated Protective Order is subpoenaed from the receiving party by any Court, administrative or legislative

body, or is requested by any other person or entity purporting to have authority to require the production of such material, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

11. If at any time any privileged Material is inadvertently produced to or received by any party, the receiving party shall immediately give written notice thereof to the Producing Party and return the Material forthwith. The inadvertent production of such Material shall not be deemed a waiver of claims of privacy or privilege, where the claim is asserted immediately after the production is discovered.

12. The inadvertent failure to designate Material as Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice at any time, with the effect that such Material will be subject to the protections of this Order from the time it is designated "Confidential" or "Confidential – Attorney Eyes Only." The receiving party shall exercise its best efforts to ensure that copies it makes of Material produced to it, and copies made by others who obtained such Material directly or indirectly from the receiving party, include the appropriate confidentiality legend, to the same extent that the Material has been marked with the appropriate confidentiality legend by the Producing Party.

13. If Confidential Material is disclosed to or comes into the possession of any person other than in the manner authorized in this Stipulated Protective Order, the party responsible for the disclosure shall take all reasonable steps necessary to prevent further disclosure by each unauthorized person who received Confidential Material.

14. Producing or receiving materials or otherwise complying with the terms of this Stipulated Protective Order shall not:

      a.     Prejudice the rights of any party to object to the production of documents it considers not subject to discovery;

      b.     Prejudice, limit or affect in any way the privacy rights of any of Defendant's affiliates' current and or former employees or of Defendant's current or former employees;

      c.     Prejudice the rights of any party to object to the authenticity or admissibility of any document, testimony or evidence subject to this Stipulated Protective Order;

      d.     Prejudice the right of any party to seek this Court's determination whether particular material should be produced or should be subject to the terms of this Stipulated Protective Order;

      e.     Prejudice the rights of any party to apply to this Court for a further protective order relating to any Material; or

      f.     Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Material and to seek Court approval for such modification, if necessary.

15. This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Material.

16. The provisions of this Stipulated Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

17. Within forty-five (45) days after termination of this litigation, including any appeals therefrom, the originals and all copies of Material designated as "Confidential" or "Confidential – Attorney Eyes Only" shall, at the direction of the Producing Party, be destroyed or turned over to the Producing Party.

18. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving

the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. Without separate Court order, this Stipulated Protective Order does not change, amend, or circumvent any court rule or local rule.

IT IS SO ORDERED.

Dated:  May 24, 2012

By _____
OSWALD PARADA
United States Magistrate Judge